EXHIBIT 1
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

# Michigan Department of Labor & Economic Growth

## Filing Endorsement

**This is to Certify that the MERGER DOCUMENT**

*for*

**LMI TECHNOLOGIES (U.S.A.), INC.**

**ID NUMBER: 608148**

received by facsimile transmission on January 8, 2007 is hereby endorsed

Filed on January 8, 2007 by the Administrator.

*The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.*

In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 8TH day of January, 2007.

*, Director*

**Bureau of Commercial Services**



# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"LMI TECHNOLOGIES (USA), INC.", A DELAWARE CORPORATION,

WITH AND INTO "LMI AUTOMOTIVE, LTD." UNDER THE NAME OF "LMI AUTOMOTIVE, LTD.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF MICHIGAN, WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-EIGHTH DAY OF DECEMBER, A.D. 2006, AT 12:24 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION SHALL BE GOVERNED BY THE LAWS OF THE STATE OF MICHIGAN.



0845745 8330

061194743

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5315679

DATE: 12-28-06

01/08/2007 10:11AM

# STATE OF DELAWARE CERTIFICATE OF MERGER OF DOMESTIC CORPORATION INTO FOREIGN CORPORATION

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

**FIRST:** The name of each constituent corporation is ____ LMI Automotive, Ltd., a Michigan corporation, and LMI Technologies (USA), Inc., a Delaware corporation.

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8, Section 252.

**THIRD:** The name of the surviving corporation is ____ LMI Automotive, Ltd., a Michigan corporation.

**FOURTH:** The Articles of Incorporation of the surviving corporation shall be its Articles of Incorporation.

**FIFTH:** The merger is to become effective on ____ December 31, 2006 ____.

**SIXTH:** The Agreement of Merger is on file at ____ 1425 Ford Building, 615 Griswold Street, Detroit, Michigan 48226, the Registered Office address of the surviving corporation.

**SEVENTH:** A copy of the Agreement and Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

**EIGHTH:** The surviving corporation agrees that it may be served with process in the State of Delaware in any proceeding for enforcement of any obligation of the surviving corporation arising from this merger, including any suit or other proceeding to enforce the rights of any stockholders as determined in appraisal proceedings pursuant to the provision of Section 262 of the Delaware General Corporation laws, and irrevocably appoints the secretary of State of Delaware as its agent to accept services of process in any such suit or proceeding. The Secretary of State shall mail any such process to the surviving corporation at ____ Michael J. Thomas, 1425 Ford Building, 615 Griswold Street, Detroit, Michigan 48226.

**IN WITNESS WHEREOF,** said surviving corporation has caused this certificate to be signed by an authorized officer, the ____ 21 st ____ day of December, A.D., 2006.

By: _____
        Authorized Officer

Name: ____ Leonard Metcalfe ____
            Print or Type

Title: ____ Chief Executive Officer ____

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:24 PM 12/28/2006*
*FILED 12:24 PM 12/28/2006*
*SRV 061194743 – 0845745 FILE*

01/08/2007   10:11AM

EXHIBIT 2
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

# Michigan Department of Labor & Economic Growth

## Filing Endorsement

This is to Certify that the **CERTIFICATE OF AMENDMENT - CORPORATION**

for

**LMI TECHNOLOGIES (USA), INC.**

**ID NUMBER: 001695**

received by facsimile transmission on January 8, 2007 is hereby endorsed
Filed on January 8, 2007 by the Administrator.

**The document is effective on the date filed, unless a
subsequent effective date within 90 days after
received date is stated in the document.**

In testimony whereof, I have hereunto set my
hand and affixed the Seal of the Department,
in the City of Lansing, this 8TH day
of January, 2007.

*, Director*

**Bureau of Commercial Services**

BCS/CD-519 (Rev. 12/05)

## MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
## BUREAU OF COMMERCIAL SERVICES

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
| | |
| | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document |

**Name**
Michael J. Thomas, Esq.

**Address**
1425 Ford Building, 615 Griswold Street

| City | State | Zip Code |
|---|---|---|
| Detroit | MI | 48226 |

EFFECTIVE DATE:

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

### CERTIFICATE OF CORRECTION
### For use by Corporations and Limited Liability Companies
(Please read information and instructions on last page)

*Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), Act 162, Public Acts of 1982 (nonprofit corporations), or Act 23, Public Acts of 1993 (limited liability companies), the undersigned corporation or limited liability company executes the following Certificate.*

1. The name of the corporation or limited liability company is:

   LMI Automotive, Ltd.

2. The identification number assigned by the Bureau is: 001695

3. The corporation or limited liability company is formed under the laws of the State of Michigan

4. That a Certificate of Merger
   (Title of Document Being Corrected)
   was filed by the Bureau on December 22, 2006 and that said document requires correction.

5. Describe the inaccuracy or defect contained in the above named document:

   Section 3; manner and basis of converting shares are as follows; Each common share of LMI Technologies (USA), Inc shall be converted into one fully paid share of LMI Automotive, Ltd.
   Article I is amended to state that the name of the corporation is : LMI Technologies (USA), Inc.

6. The document is corrected as follows:

   Section 3: The manner and basis of converting shares are as follows: Every 1000 common shares of LMI Technologies (USA), Inc, shall be converted into one fully paid share of LMI Automotive, Ltd.
   Article I is not amended

7. This document is hereby executed in the same manner as the Act requires the document being corrected to be executed

Signed this 5 day of January , 2007

By _(signature)_

(Signature)
Neil Hummel
President

(Type or Print Name and Title)

By _____
(Signature)

(Type or Print Name and Title)

By _____
(Signature)

(Type or Print Name and Title)

BCS/CD-515 (Rev 12/03)

## COMPLETE ONLY ONE OF THE FOLLOWING:

**4. (For amendments adopted by unanimous consent of incorporators before the first meeting of the board of directors or trustees.)**

The foregoing amendment to the Articles of Incorporation was duly adopted on the _____ day of

_____ , _____ , in accordance with the provisions of the Act by the unanimous consent of the incorporator(s) before the first meeting of the Board of Directors or Trustees.

Signed this _____ day of _____ , _____

| | |
|---|---|
| _____ | _____ |
| (Signature) | (Signature) |
| _____ | _____ |
| (Type or Print Name) | (Type or Print Name) |
| _____ | _____ |
| (Signature) | (Signature) |
| _____ | _____ |
| (Type or Print Name) | (Type or Print Name) |

**5. (For profit and nonprofit corporations whose Articles state the corporation is organized on a stock or on a membership basis.)**

The foregoing amendment to the Articles of Incorporation was duly adopted on the _____ day of

January , 2007 , by the shareholders if a profit corporation, or by the shareholders or members if a nonprofit corporation (check one of the following)

☐ at a meeting the necessary votes were cast in favor of the amendment.

☐ by written consent of the shareholders or members having not less than the minimum number of votes required by statute in accordance with Section 407(1) and (2) of the Act if a nonprofit corporation, or Section 407(1) of the Act if a profit corporation. Written notice to shareholders or members who have not consented in writing has been given. (Note: Written consent by less than all of the shareholders or members is permitted only if such provision appears in the Articles of Incorporation.)

☑ by written consent of all the shareholders or members entitled to vote in accordance with section 407(3) of the Act if a nonprofit corporation, or Section 407(2) of the Act if a profit corporation.

☐ by consents given by electronic transmission in accordance with Section 407(3) if a profit corporation.

☐ by the board of a profit corporation pursuant to section 611(2).

| Profit Corporations and Professional Service Corporations | Nonprofit Corporations |
|---|---|
| Signed this _____ day of _____ 2007 | Signed this _____ day of _____ , _____ |
| By _____ (Signature of an authorized officer or agent) | By _____ (Signature President Vice-President Chairperson or Vice-Chairperson) |
| Neil Hummel _____ (Type or Print Name) | _____ (Type or Print Name) |

01/08/2007 10:11AM

BCS/CD-515 (Rev 12/05)

|  | MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH<br>BUREAU OF COMMERCIAL SERVICES | |
|---|---|---|
| Date Received | (FOR BUREAU USE ONLY) | |
| | This document is effective on the date filed, unless a<br>subsequent effective date within 90 days after received<br>date is stated in the document | |

| Name |
|---|
| Michael J. Thomas |
| **Address** |
| 1425 Ford Building, 615 Griswold Street |

| City | State | ZIP Code | |
|---|---|---|---|
| Detroit | MI | 48226 | EFFECTIVE DATE: |

☞ Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office. ☜

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
**For use by Domestic Profit and Nonprofit Corporations**
(Please read information and instructions on the last page)

*Pursuant to the provisions of Act 284, Public Acts of 1972, (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Certificate*

| 1  The present name of the corporation is: | LMI Automotive, Ltd. |
|---|---|
| 2  The identification number assigned by the Bureau is: | 001695 |

3. Article _____ I _____ of the Articles of Incorporation is hereby amended to read as follows:

The name of the corporation is LMI Technologies (USA), Inc.

01/08/2007 10:11AM

EXHIBIT 3
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

BCS/CD-2500 (01/07)

# MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
## PROFIT CORPORATION INFORMATION UPDATE



## 2007

**Due May 15, 2007**

| Identification Number | Corporation name |
|---|---|
| **001695** | LMI TECHNOLOGIES (USA), INC. |

Resident agent name and mailing address of the registered office

**MICHAEL J. THOMAS**
**1425 FORD BLDG., 615 GRISWOLD**
**DETROIT MI 482263993**

*RECEIVED*
*MAR 2 6 2007*
*DLEG $25.00*

**FILED**
APR 13 2007
by Department
Bureau of Commercial Services

The address of the registered office
**1425 FORD BLDG., 615 GRISWOLD**
**DETROIT MI 482263993**

☐ To certify there are no changes from your previous filing check this box and proceed to Item 6. If the resident agent and/or registered office has changed complete Items 1-8. If only officer and director information has changed complete Items 4-6.

1. Mailing address of registered office in Michigan (may be a P.O. Box)　　　2. Resident Agent

3. The address of the registered office in Michigan (a P.O. Box may not be designated as the address of the registered office)

4. Describe the general nature and kind of business in which the corporation is engaged:

Please see attachment.

| 5. | **NAME** | **BUSINESS OR RESIDENCE ADDRESS** |
|---|---|---|
| President (Required) | Neil F. Hummel | 1673 Cliveden Avenue Delta, British Columbia, Canada V3M 6V5 |
| If different than President | Secretary (Required) | |
| | Treasurer (Required) | |
| | Vice - President | |
| If different than Officers | Director | |
| | Director | |
| | Director | |

| 6. Signature of authorized officer or agent | Title | Date | Phone (Optional) |
|---|---|---|---|
| *Michael J. Thomas* | Resident Agent | 03/22/2007 | (313) 963-1301 |

**Report due May 15, 2007**

**Filing fee $25**

Late Penalty: $50 in addition to filing fee if received by Agency after September 30, 2007.

Please make your check or money order payable to the State of Michigan.

Return to : Michigan Department of Labor & Economic Growth
Bureau of Commercial Services, Corporation Division
P.O. Box 30481
Lansing, MI 48909
(517) 241-6470

If more space is needed additional pages may be included. Do not staple any items to report. This report is required by Section 911, Act 284, Public Acts of 1972, as amended.

2 of 2

MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
PROFIT CORPORATION INFORMATION UPDATE


2007



4.     To buy, sell, exchange, lease and/or operate real property or personal, to sell and distribute any commodities, and to provide and sell any services which may be legally sold, distributed, or provided and sold, and more particularly to engage in research consulting and sale of products in which laser beam applications can be applied.

EXHIBIT 4
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

BCS/CD-2500 (02/05)

## MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
### PROFIT CORPORATION INFORMATION UPDATE



# 2003

| FOR BUREAU USE ONLY | |
|---|---|
| **Identification Number** <br> 001695 | **Corporation name** <br> LMI AUTOMOTIVE, LTD. |

**Resident agent name and mailing address of the registered office**

MICHAEL J. THOMAS
1425 FORD BLDG., 615 GRISWOLD
DETROIT MI 482263993

Tran Info:2  10460099-1  04/01/05
ChkH:  7960   Amt: $75.00
ID:    001695

**FILED**

APR 1 8 2005

by Department
Bureau of Commercial Services

**The address of the registered office**

1425 FORD BLDG., 615 GRISWOLD
DETROIT MI 482263993

☐ To certify there are no changes from your previous filing check this box and proceed to Item 6.
If the resident agent and/or registered office has changed complete items 1-6. If only officer
and director information has changed complete items 4-6.

| 1. Mailing address of registered office in Michigan (may be a P.O. Box) <br> 1425 Ford Building, 615 Griswold Street, Detroit, MI 48226-3998 | 2. Resident Agent <br> Michael J. Thomas |
|---|---|

**3. The address of the registered office in Michigan (a P.O. Box may not be designated as the address of the registered office)**

1425 Ford Building, 615 Griswold Street, Detroit, Michigan 48226-3993

**4. Describe the general nature and kind of business in which the corporation is engaged:**

Please see attached.

| 5. | NAME | BUSINESS OR RESIDENCE ADDRESS |
|---|---|---|
| | President (Required) <br> Leonard H. Metcalf | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| If different than President | Secretary (Required) <br> Neil F. Hummel | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| | Treasurer (Required) <br> Neil F. Hummel | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| | Vice - President <br> Neil F. Hummel | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| If different than Officers | Director <br> Leonard H. Metcalf | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| | Director <br> Neil F. Hummel | 1673 Cliveden Avenue, Delta, British Columbia <br> Canada, V3M 6V5 |
| | Director | |

| 6. Signature of authorized officer or agent | Title <br> Resident Agent | Date <br> 3/25/05 | Phone (Optional) <br> (313) 963-1301 |
|---|---|---|---|

This report must be filed on or before May 15, 2003.

Please make your check or money order payable to the State of Michigan.

Return to :  Michigan Department of Labor & Economic Growth
Bureau of Commercial Services, Corporation Division

If more space is needed additional pages may be included. Do not staple any items to report. This report is required by Section 911, Act 284, Public Acts of 1972, as amended.
Failure to file this report may result in the dissolution of the corporation. Late filing may result in penalty fees.

EXHIBIT 5
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

 

Industry    Industrie
Canada      Canada

# Canada

| Français | Contact Us | Help | Search | Canada Site |



strategis.gc.ca

- **Corporations Canada's Home**
- **What's New**
- **Guide to Federal Incorporation**



- ▶ ............ormation
- ▶ **FAQ**
- ▶ **Other Related Sites**





# Corporation #3694526 BN #890448566RC0002

| | |
|---|---|
| **Corporation Name(s):** | LMI TECHNOLOGIES INC. |
| **Old Name(s) and Change Date(s)** | |
| | LASER MEASUREMENT INTERNATIONAL INC. - 2000/07/04 |
| **Registered Office Address:** | *[Latest address on file]* |
| **Care of:** | |
| **Street:** | 595 BURRARD STREET #2900 P.O. BOX 49130 |
| **City:** | VANCOUVER |
| **Province:** | British Columbia |
| **Postal Code:** | V7X1J5 |
| **Country:** | Canada |
| | |
| **Country:** | Canada |
| **Reg. Off. Eff:** | 2002/07/31 |

| **Status** | **Date** |
|---|---|
| Active | 1999/12/31 |

**ACT Name:** Canada Business Corporations Act **Proxy:**
**Incorporation:** **Prospectus:**
**Amalgamation:** 1999/12/31 **Take Over:**
**Continuance:** **Revival:**
**Anniversary:** 1999/12/31 **Intent to Dissolve:**
**Import:** - **Revocation of Intent:**
**Export:** - **Update:** 2007/03/26

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Directors

*NOTICE TO CLIENTS:*

Please note that directors residential addresses are no longer available online. The request for this information can be made in writing directly to Corporations Canada by:

E-mail: corporationscanada@ic.gc.ca

Fax: (613) 941-0601 or 941-5789

Letter: Attn: Head, Information and Certification Unit
9th Floor, Jean Edmonds Tower South
365 Laurier Avenue West
Ottawa, Ontario K1A OC8

Please provide contact name, e-mail address, business address, fax number.

**Current:** 5
**Min:** 3
**Max:** 9

**Last Update Date:** 2007/01/25
**Last Amendment:** 1999/12/31

**Director(s) name(s):**
LEONARD METCALFE
NEIL F. HUMMEL
W. J. ASPATORE
CORNELIUS A.A. MAAS
BARRY DASHNER

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Annual Return/Annual Summary(AR/AS)

*NOTICE TO CLIENTS:*

Following the transition period resulting from the November 24    amendments to the Canada Business Corporations Act, the Act now refers to a min    instead of 15

**Distributing:**              NO
**Number of Shareholders:**    > 50 non-distrib
**Annual Meeting (Last):**     2006/06/28
**Enforcement Code:**
**Enforcement Date:**

**Taxation Year End:** 12/31

**AR/AS Filed:**

Received - with Fee - 2006
Received - with Fee - 2005
Received - with Fee - 2004

Top  Directors  AR/AS  Financial  Amalg  Subs/Parent  Bottom

## Financial

Financial reports are only available for distributing corporations

Top  Directors  AR/AS  Financial  Amalg  Subs/Parent  Bottom

## Amalgamations

Amalgamating Info:
3353508 LASER MEASUREMENT INTERNATIONAL INC. 99/12/31
3690229 LMI DIFFRACTO LIMITED 99/12/31

Top  Directors  AR/AS  Financial  Amalg  Subs/Parent  Bottom

## Parent/Subsidiary

No parent/subsidiary information for this corporation.

Top  Directors  AR/AS  Financial  Amalg  Subs/Parent  Bottom

Updated: 
▲
top of page

Important Notices
Privacy Statement

EXHIBIT 6
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

# UNITED STATES DISTRICT COURT

_____Western_____ District of _____Washington_____

JOESCAN, INC.,
PLAINTIFF

**SUMMONS IN A CIVIL ACTION**

V.

LMI TECHNOLOGIES, INC., DEFENDANT

CASE NUMBER: C07- 5323 RJB

TO: (Name and address of Defendant)

LMI Technologies, Inc.
1673 Cliveden Ave.
Delta, British Columbia
Canada V3M 6V5

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Arin M. Dunn
Emily A. Sheldrick
Dunn & Sheldrick, P.S.
1014 Franklin Street, Suite 110
Vancouver, WA 98660

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

BRUCE RIFKIN

JUL - 6 2007

CLERK

(By) DEPUTY CLERK

DATE

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE Friday, July 20, 2007 |
|---|---|
| NAME OF SERVER *(PRINT)* Scott Wheeler | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

[X] Served personally upon the defendant. Place where served: 1673 Cliveden Ave., Delta, British Columbia, V3M 6V5 Canada

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL XXX $0.00 $40.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America Canada & British Columbia that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on July 23/07
_____
Date

Signature of Server
_____

#100-840 Howe St, Vancouver B.C.
_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

EXHIBIT 7
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

10

11

12   **JOESCAN, INC.,** a Washington corporation,

No.: C07-5323RJB

13                    Plaintiff,

**CERTIFICATE OF SERVICE**

14        v.

15   **LMI TECHNOLOGIES, INC.,**

16                    Defendant.

17

18                         <u>**CERTIFICATE OF SERVICE**</u>

19   I hereby certify that I caused to be served Plaintiff's Motion for Preliminary Injunction,

20   Declaration of Arin M. Dunn in Support of Motion for Preliminary Injunction and

21   supporting Exhibits thereto, Declaration of Joseph Nelson in Support of Motion for

22   Preliminary Injunction and supporting Exhibit thereto, Declaration of Rodney Nelson in

23   Support of Motion for Preliminary Injunction, and the Proposed Order Granting Plaintiff's

24   Motion for Preliminary Injunction on LMI Technologies, Inc., by causing full, true, and

25   correct copies thereof to be hand-delivered to Neil Hummel, identified as having the title

CERTIFICATE OF SERVICE (NO. C07-5323RJB) - 1

Dunn & Sheldrick, P.S.
1014 Franklin Street, Suite 110
Vancouver, WA 98660
(360) 737-6793    PAGE 23
Fax: (360) 693-6606

1   of Chief Financial Officer with LMI Technologies, Inc. at the address listed below at 2:30

2   p.m., on July 20, 2007:

3   LMI Technologies, Inc.

4   1673 Cliveden Ave.

5   Delta, British Columbia V3M 6V5

6   CANADA

7

8   I declare under penalty of perjury under the laws of the Province of British Columbia,

9   Canada that the foregoing information contained in this Certificate of Service is true and

10   correct.

11

12   Executed on this 25 day of July, 2007.

13                               **Signature of Server**

14

15                               Scott Wheeler

                                  **Printed Name**

16

17                               840 Howe St. #100, Vancouver, BC
                              V6Z 2L2

18                               **Address**

19

20

21

22

23

24

25

CERTIFICATE OF SERVICE (NO. C07-5323RJB) - 2

Dunn & Sheldrick, P.S.
1014 Franklin Street, Suite 110
Vancouver, WA 98660
(360) 737-6793   PAGE 24
Fax: (360) 693-6606

# EXHIBIT 8
## DECLARATION OF EMILY A. SHELDRICK
### IN SUPPORT OF
### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION TO QUASH SERVICE

Go to the Service Section

(In the relations between the Contracting States, this Convention replaces
the first chapter of the Convention on civil procedure of 1 March 1954)

CONVENTION ON THE SERVICE ABROAD
OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 15 November 1965)*
*(Entered into force 10 February 1969)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall
be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting
the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

*Article 1*
The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to
transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS
*Article 2*
Each Contracting State shall designate a Central Authority which will undertake to receive requests for service
coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

*Article 3*
The authority or judicial officer competent under the law of the State in which the documents originate shall
forward to the Central Authority of the State addressed a request conforming to the model annexed to the present
Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall
both be furnished in duplicate.

*Article 4*
If the Central Authority considers that the request does not comply with the provisions of the present Convention

it shall promptly inform the applicant and specify its objections to the request.

*Article 5*
The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
*a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
*b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

*Article 6*
The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

*Article 7*
The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

*Article 8*
Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

*Article 9*
Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

*Article 10*
Provided the State of destination does not object, the present Convention shall not interfere with –
*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad,
*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of

judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by-

a) the employment of a judicial officer or of a person competent under the law of the State of destination,

b) the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-

a) the document was transmitted by one of the methods provided for in this Convention,

b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

EXHIBIT 9
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

## Details

Declarations

Articles: 5,8,10,11,12,15,16,2

**(Click here for the** Central Authorities designated by Canada and other practical information)

**Text of the declarations:**

2. Methods of service employed by the Central Authority (Article 5)

2.1 Formal service (Article 5, paragraph 1, sub-paragraph *a*)

In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.
The normal procedure that will be used by Central Authorities in Canada is personal service made by a sheriff or deputy sheriff or a *huissier* in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business. Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.
Where service is made on a corporation, provincial laws usually provide for service on a director or senior officer of the corporation or, in some cases, on a registered agent or on a responsible person at the registered office of the corporation.

2.2 Informal delivery (Article 5, paragraph 2)

The practice of informal delivery ("par simple remise") of judicial or extrajudicial documents is not known in Canada.

2.3 Service by a particular method (Article 5, paragraph 1, sub-paragraph *b*)

In Alberta, New Brunswick and Ontario, service will be made by certified mail at the option of the requesting party. In Ontario, the Central Authority will serve by any form of mail, at the option of the requesting party.

2.4 Translation requirements (Article 5, paragraph 3)

For both formal service and service by a particular method, translation requirements will depend on the province or territory concerned.
For Alberta, British Columbia, Newfoundland, Nova Scotia, Prince Edward Island, Saskatchewan, all documents must be written in or translated into English.
For Ontario, Manitoba, the Northwest Territories and Nunavut, all documents must be written in or translated into English or French.
For New Brunswick and the Yukon, all documents must be written in or translated into English or French. The Central Authority of New Brunswick or the Yukon may reserve the right to require documents to be translated into English or French depending on the language understood by the addressee.
For Quebec, translation will be required in all cases where the recipient does not understand the language in

recipient accepts this method of service.

II Transmission through postal channels (Article 10, sub-paragraph *a)*

A Acceptance

Canada does not object to service by postal channels.

B Forwarding to other Contracting States

Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.

III Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs *b)* and *c)*

On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs *b)* and *c)*.

IV Other direct channels (Article 11); special agreements (Articles 24 and 25)

Canada is Party to bilateral conventions on civil procedure with the following States: [please click to download the list in PDF format]

GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 2, or 16, paragraph 3.

1. Stays of entry (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

2. Relief from expiration of the period of time for appeal (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter."

Copyright © Hague Conference on Private International Law. All Rights Reserved.

which the document is written. All documents which commence actions must be translated. Summary translation of all other documents is acceptable if the recipient agrees. Translation is to be done into the French language; however, the Quebec Central Authority may, upon request, allow a translation in English at the condition that the recipient understands this language.

Costs (Article 12, paragraph 2, sub-paragraph *a*)

Costs for execution of service will be of $ 50.-Can.

3. Authority competent to complete the certificate of service (Article 6)

In addition to the Central Authorities, the sheriffs, deputy-sheriffs, sub-sheriffs, clerk of the court or his/her deputy for the judicial district (except in Manitoba where there are no judicial districts) in which the person is to be served or the *huissiers* (only in Quebec) are competent to complete the certificate of service.

B. Forwarding of requests for service to the Central Authority of another Contracting State

Forwarding Authorities (Article 3)

Requests for service to Central Authorities of other States may be transmitted by:

- The Attorney General for Canada
- The Attorneys General or the Ministry of Attorney General or Minister of Justice of a province or a territory - as the case may be
- Clerks of the courts and their deputies for a judicial or a court district
= The members of the law societies of all provinces and territories
= The member of the Board of Notaries of the Province of Quebec (for non-litigious matters only)
- Local registrars
= The *huissiers* and sheriffs
= The prothonotaries and deputy prothonotaries
- The "Percepteur des pensions alimentaires" in Quebec.

I Transmission through consular or diplomatic channels (Articles 8 and 9)

A Acceptance

On accession, Canada has not declared that it objects to service by consular or diplomatic channels on its territory.

Receiving authority (Article 9, paragraph 1)

The Central Authorities in Canada designated in accordance with Articles 2 and 18 of the Convention are competent to receive requests for service transmitted by a foreign consul within Canada.

B Forwarding to the Contracting States

Canada does not object to service by consular channels of Canadian documents abroad providing that the

recipient accepts this method of service.

II Transmission through postal channels (Article 10, sub-paragraph *a)*

A Acceptance

Canada does not object to service by postal channels.

B Forwarding to other Contracting States

Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.

III Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs *b)* and *c)*

On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs *b)* and *c)*.

IV Other direct channels (Article 11); special agreements (Articles 24 and 25)

Canada is Party to bilateral conventions on civil procedure with the following States: [please click to download the list in PDF format]

GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 2, or 16, paragraph 3.

1. Stays of entry (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

2. Relief from expiration of the period of time for appeal (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter."

Copyright © Hague Conference on Private International Law. All Rights Reserved.

EXHIBIT 10
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE



Supreme Court    Cour suprême
of Canada        du Canada

| Français | Contact Us | Help | Search | Canada Site |
| Home | About the Court | Visit the Court | Judgments | News Releases |
| Cases | Library | Act and Rules | FAQ | Site Map |

## SUPREME COURT OF CANADA

## About the Court

| Role of the Court |
| The Canadian Judicial System |
| Court Building |
| Creation and Beginnings of the Court |
| Judges of the Court |
| Administration of the Court |
| Supreme Court of Canada Mission and Objectives |
| SCC Bibliography |
| Employment Opportunities |
| Planning Documents |
| Performance Reports |
| Proactive Disclosure |

## The Canadian Judicial System

### The Constitutional Framework

The organization of Canada's judicial system is a function of Canada's Constitution, and particularly of the *Constitution Act, 1867*. By virtue of that *Act*, authority for the judicial system in Canada is divided between the federal government and the ten provincial governments. The latter are given jurisdiction over "the administration of justice" in the provinces, which includes "the constitution, organization and maintenance" of the courts, both civil and criminal, in the province, as well as civil procedure in those courts. However, this jurisdiction does not extend to the appointment of the judges of all of these courts. The power to appoint the judges of the superior courts in the provinces - which includes the provincial courts of appeal as well as the trial courts of general jurisdiction - is given to the federal government, as is the obligation to provide for the remuneration of those judges and the authority to remove them. This latter authority is a limited one and, in fact, has never been exercised.

The federal government is also given the authority to establish "a General Court of Appeal for Canada and any Additional Courts for the better Administration of the Laws of Canada". It has used this authority to create the Supreme Court of Canada as well as the Federal Court of Appeal, the Federal Court and the Tax Court of Canada. The federal government also has, as part of its jurisdiction over criminal law, exclusive authority over the procedure in courts of criminal jurisdiction.

What emerges from these allocations of jurisdiction in the Constitution is a court system in which provincial governments have jurisdiction over both the constitution, organization and maintenance of, and the appointment of judges to, the lowest level of courts (generally known simply as "provincial courts"), while the federal government has authority over the constitution, organization and maintenance of, and the appointment of judges to, the Supreme Court of Canada, the Federal Court of Appeal, the Federal Court and the Tax Court of Canada. Authority over the superior courts in each province is shared between the provincial and federal governments; the provinces have jurisdiction over the constitution, organization and maintenance of these courts, while the federal government has authority to appoint the judges. The fact that jurisdiction over these courts is divided in this way means that, in order for these courts to function properly, the federal and provincial governments are required to cooperate in the exercise of their respective authorities.


Return to Top

## Organization of Courts

The courts in Canada are organized in a four-tiered structure. The Supreme Court of Canada sits at the apex of the structure and, consistent with its role as "a General Court of Appeal for Canada", hears appeals from both the federal court system, headed by the Federal Court of Appeal and the provincial court

EXHIBITS TO DECLARATION OF SHELDRICK                    PAGE 35

EXHIBIT 11
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

Copyright (c) Queen's Printer,
Victoria, British Columbia, Canada

# Court Rules Act

# Supreme Court Rules

[includes amendments up to B.C. Reg. 146/2007, June 1, 2007]

## Rule 11 — Service and Delivery of Documents

**Service of writ of summons**

(1)  Service of a writ of summons is required unless the defendant enters an appearance.

**How service effected**

(2)  Service of a document is effected on

(a) an individual by leaving a copy of the document with him or her,

(b) a corporation by leaving a copy of the document with the president, chairman, mayor or other chief officer of the corporation, or with the city or municipal clerk, or with the manager, cashier, superintendent, treasurer, secretary, clerk or agent of the corporation or of any branch or agency of the corporation in the Province, or in the manner provided by the *Business Corporations Act* or any enactment relating to the service of process, and, for the purpose of serving a document upon a corporation whose chief place of business is outside British Columbia, every person who, within the Province, transacts or carries on any of the business of, or any business for, that corporation shall be deemed its agent,

(c) an unincorporated association, including a trade union, by leaving a copy of the document with any officer of the association, or in the case of a trade union, with a business agent,

(d) an infant, in accordance with the *Infants Act*, and

(e) a mentally incompetent person by leaving a copy of the document

(i)  with the person's committee or, where there is no committee, with the person with whom he or she resides or in whose care he or she is or with the person appointed by the court to be served in the mentally incompetent person's place, and

(ii)  with the Public Guardian and Trustee,

and in no case is it necessary to show the original document.

[am. B.C. Regs. 191/2000, s. 3; 201/2004, s. 4.]

EXHIBIT 12
DECLARATION OF EMILY A. SHELDRICK
IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH SERVICE

# Business Corporations Act

## [SBC 2002] CHAPTER 57

## Part 1 — Interpretation and Application

### Division 1 —  Interpretation

**Definitions**

**1** (1)  In this Act:

**...**

**"director"** means,

> (a) in relation to a company, an individual who is a member of the board of directors of the company as a result of having been elected or appointed to that position, or

> (b) in relation to a corporation other than a company, a person who is a member of the board of directors or other governing body of the corporation regardless of the title by which that person is designated;

…

**"legal proceeding"** includes a civil, criminal, quasi-criminal, administrative or regulatory action or proceeding;

…

**"federal corporation"** means a corporation to which both of the following apply:

> (a) the most recent of the following was effected by or under an Act of Canada:

(i)  the incorporation of the corporation;

(ii)  a continuation of the corporation or any other transfer by a similar process into the federal jurisdiction;

(iii)  an amalgamation or similar process from which the corporation resulted;

**"senior officer"** means, in relation to a corporation,

(a) the chair and any vice chair of the board of directors or other governing body of the corporation, if that chair or vice chair performs the functions of the office on a full time basis,

(b) the president of the corporation,

(c) any vice president in charge of a principal business unit of the corporation, including sales, finance or production, and

(d) any officer of the corporation, whether or not the officer is also a director of the corporation, who performs a policy making function in respect of the corporation and who has the capacity to influence the direction of the corporation;

...

### Service of records in legal proceedings

**9** (1)  Without limiting any other enactment, a record may be served on a company

(a) unless the company's registered office has been eliminated under section 40, by delivering the record to the delivery address, or by mailing it by registered mail to the mailing address, shown for the registered office of the company in the corporate register,

(b) if the company's registered office has been eliminated under section 40, in the manner ordered by the court under section 40 (4) (b), or

(c) in any case, by serving any director, senior officer, liquidator or receiver manager of the company.