UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOESCAN, INC., a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LMI TECHNOLOGIES, INC.,<br><br>　　　　　　　　Defendant. | Case No. C07-5323RJB<br><br>ORDER ON MOTION TO QUASH SERVICE |

   This matter comes before the court on Defendant's Motion to Quash Service of Process. Dkt. 19. The court has considered the relevant documents and the remainder of the file herein, and has determined that oral argument is not necessary.

BACKGROUND AND PROCEDURE

   On July 5, 2007, JoeScan, Inc. ("JoeScan") filed this case against LMI Technologies, Inc. ("LMI") for Declaratory Judgment of Patent Non-Infringement, Invalidity and Unenforceability and for an Injunction preventing LMI from any additional patent infringement actions. Dkt. 1. On July 12, 2007, JoeScan attempted to serve LMI by serving LMI Technologies (USA), Inc. ("LMIA") through LMIA's registered agent in Detroit, Michigan. Dkt. 19. Also, on July 20, 2007, JoeScan attempted to serve LMI by serving LMI's Chief Financial Officer ("CFO") at LMI's Global headquarters in the city of Delta, British Columbia, Canada. Dkt. 26. Then, on July 23, 2007, LMI filed this motion arguing that both attempts of service were improper. Dkt. 19.

ORDER
Page - 1

## DISCUSSION

Federal Rule of Civil Procedure 4 governs service upon a domestic or foreign corporation. F.R.C.P. 4(h). Service upon a foreign corporation may be perfected by any manner prescribed for service upon individuals in a foreign country. F.R.C.P. 4(h)(2). Specifically, a party may serve an individual "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). F.R.C.P. 4(f)(1). However, if "the applicable international agreement allows other means of service", then the party may perfect service "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." F.R.C.P. 4(f)(2)(A).

LMI argues that JoeScan must adhere to the Hague Convention's formal procedures for service through the Central Authority of Canada. Dkt. 19; Dkt 30. However, the Hague Convention allows for service by a person of the State of destination if the particular State of destination has not objected to such means of service. Hague Convention, art. 10. Canada did not specifically object to the alternative means of service. Hague Convention, Canadian Accession Notification III. Therefore, JoeScan was free to prefect service through a competent person of the State of destination in a manner prescribed by a Canadian court of general jurisdiction.

Under the rules of the Supreme Court of British Columbia ("SCBC"), the plaintiff may serve the defendant by any manner prescribed in British Columbia's Business Corporations Act ("BCBCA"), Chapter 57 of the Statutes and Regulations of British Columbia. SCBC Sup.Ct. Rule 11(2)(b). The BCBCA allows service to be effected by serving any senior officer of the company. BCBCA, Section 9(1)(c).

LMI is a Canadian corporation with its global headquarters located in British Columbia. Dkt 19. JoeScan hired a Canadian process server to serve LMI at LMI's headquarters in British Columbia. Dkt. 19, at 4; Dkt. 26, at 11. Finally, the process server personally served LMI's CFO at the corporate headquarters on July 20, 2007. *Id.* Thus, under the laws of the Federal Courts, the Hague Convention, and the laws of British Columbia, JoeScan perfected service upon LMI on July 20, 2007.

## ORDER

Therefore, it is hereby

**ORDERED** that the Motion to Quash Service is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of August, 2007.

_____
ROBERT J. BRYAN
United States District Judge