UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOESCAN, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LMI TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. C07-5323RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |

This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction. Dkt. 9. The Court has considered the relevant documents and the remainder of the file herein, and has determined that oral argument is not necessary.

## I. PROCEDURAL HISTORY

On July 5, 2007, JoeScan, Inc. ("JoeScan") filed this case against LMI Technologies, Inc. ("LMI") for Declaratory Judgment of Patent Non-Infringement, Invalidity and Unenforceability and for an Injunction. Dkt. 1. On July 10, 2007, JoeScan filed a Motion for Preliminary Injunction asking this Court to enjoin and restrain LMI from continuing its current patent suit in the Western District of Pennsylvania, LMI Technologies, Inc. v. Nelson Bros. Engineering, LLC, a Washington Limited Liability Corporation and Kane Hardwood, a subsidiary of Collins Pine, an Oregon Corporation, et al., C.A. No. 1:07-CV-94 ("Pennsylvania Action"). Dkt. 50 at 2.

ORDER
Page - 1

On July 23, 2007, LMI filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue. Dkt. 20. On August 2, 2007, the Court issued an order to renote the preliminary injunction to coincide with the motion for jurisdiction. Dkt. 34. Both motions were noted for August 17, 2007. *Id*.

On August 17, 2007, in the Pennsylvania Action, defendants Nelson Bros. and Kane Hardwood filed a Motion to Stay the proceedings in that court until this Court ruled on the jurisdiction and preliminary injunction motions. Dkt. 50 at 5. On August 28, 2007, U.S. Magistrate Judge Susan Paradise Baxter held a Case Management Conference. *Id*. In that conference, Judge Baxter denied the Motion to Stay and issued a Text Order informing the parties that they had ten days to appeal the order to the U.S. District Judge Sean J. McLaughlin. *Id*. On August 29, 2007, Judge Baxter issued an expedited Scheduling Order in the Pennsylvania action, which requires the parties in that proceeding to move forward with the Pennsylvania Action on an expedited basis. Dkt. 51.

## II. BACKGROUND

Plaintiff JoeScan is a Vancouver, Washington corporation. Dkt. 36 at 1. JoeScan designs, manufactures and sells the JS-20, a laser scanning device for the wood products industry. *Id*. Nelson Bros. Engineering, LLC ("NBE"), in Trout Lake, Washington, is one of JoeScan's distributors. *Id.* at 2.

Defendant LMI is a foreign corporation with its global headquarters located in the city of Delta, British Columbia, Canada. Declaration of Neil Hummel ("First Hummel Decl."), Dkt. 21 at ¶ 3. LMI is the owner of an extensive patent portfolio related to vision sensor technology, which includes the three patents at issue: U.S. Patents No. 5,670,787; 5,734,172; and 5,854,491. Dkt. 36 at 2.

## III. DISCUSSION

JoeScan asks this Court for a preliminary injunction seeking to: (1) enjoin and restrain LMI from continuing the Pennsylvania Action; (2) enjoin and restrain LMI from filing any additional patent infringement lawsuits against JoeScan's customers with regard to JoeScan's products; (3) enjoin and restrain LMI from disclosing any facts to third parties regarding this lawsuit or the Pennsylvania Action except as explicitly permitted pursuant to a Protective Order entered by this court; and (4) compel LMI to

bring any and all current patent infringement claims it may possess involving JoeScan's products in this action, known or unknown, during the pendency of this case. Dkt. 9 at 1-2.

**A. Pennsylvania Action**

The Supreme Court addressed the complicated venue and priority problems that arise from related patent infringement actions in different jurisdictions in *Kerotest Mfg. Co. V. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L. Ed. 200 (1952). In *Kerotest*, the Court noted that a manufacturer "is given an equal start in the race to the courthouse, not a headstart"; however, the Court emphasized that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Id*. at 183, 72 S.Ct. at 221. Because the first to file rule should not be rigidly applied, courts have formulated a customer suit exception giving priority to the second-filed declaratory judgment action when the first-filed action is against a mere customer. *See William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178, 160 U.S.P.Q. (BNA) 513 (2d Cir. 1969); *Codex Corp. V. Milgo Electronic Corp*., 553 F.2d 735, 737-38 (1st Cir. 1977). Underlying the customer suit exception is the reality that the manufacturer of an allegedly infringing device is the real party in interest in the lawsuit against a mere customer. *Codex*, 553 F.2d at 737-38 ("it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products").

However, where the patent holder has a separate interest in litigating against the defendants in the first filed action, the "real party in interest" rationale for giving priority to the manufacturer's lawsuit is inapplicable. *See e.g. Emerson Electric Co. v. Black & Decker Mfg*., 606 F.2d 234 (8th Cir.1979) (injunction denied because customer would not be deterred from selling infringing devices by a judgment against its supplier); *Cordell Engineering, Inc. v. Picker International, Inc*., 540 F. Supp. 1316 (D. Mass. 1982) (first-filed suit would lead to an early determination of the issues underlying the second suit); *Zemel Bros. v. Dewey Electronics Corp.*, 218 U.S.P.Q 722 (N.D.N.Y. 1982) (patents at issue involved method claims that could only be directly infringed by the customer).

In this case, JoeScan argues that the defendants in the Pennsylvania Action, NBE and Kane

1  Hardwood, are mere customers of JoeScan. Dkt. 46 at 6. However, in addition to purchasing laser
2  scanners from JoeScan, NBE also purchases optical scanner products from LMI. Dkt. 46 at 6. Then,
3  NBE incorporates those products into larger systems that are ultimately installed in sawmills, such as the
4  mill operated by Kane Hardwood. *Id*; Dkt 38 at 11. Therefore, because NBE is free to choose whatever
5  scanner it wishes to incorporate into its final product, LMI has an interest in preventing NBE from
6  installing any infringing laser scanner into the final system. In other words, a declaratory judgment that
7  JoeScan's products infringe LMI's patents would not deter NBE from obtaining other laser scanning
8  products and selling its infringing system to other sawmill customers. As a result, the Court should not
9  find that NBE is a "mere customer" of JoeScan as set forth by the court in *Codex*.

10  In addition, LMI has an interest in maintaining the Pennsylvania Action due to the nature of certain
11  claims in the patents at issue. The patents at issue include method claims (*See* Dkt. 1, Ex#1-3) that can
12  only be directly infringed by the entity operating the alleged infringing product. *Zemel*, 218 U.S.P.Q. at
13  724. JoeScan argues that LMI fails to address how JoeScan, NBE, and Kane Hardwood separately
14  infringe the patents at issue. Dkt. 46 at 8. However, JoeScan fails to distinguish the facts in this case from
15  the cases that differentiate direct infringement from contributory infringement. *Id*; *APT v. Quad*
16  *Environmental*, 698 F. Supp. 718, 722 (N.D. Ill. 1988) (only the customer can be found to directly
17  infringe). Therefore, the Court should find that JoeScan is not the "real party in interest" in the
18  Pennsylvania Action.

19  Finally, JoeScan argues that the Court should exercise its broad discretion to issue the preliminary
20  injunction in the interests of judicial economy. Dkt 9 at 16; Dkt. 46 at 10. While concurrent litigation
21  could waste judicial resources and lead to inconsistent rulings, JoeScan does not explain why it is "not
22  subject to jurisdiction in Pennsylvania" or why it cannot be joined as a party to the Pennsylvania action.
23  Dkt 46 at 10. And, although this forum is the most convenient for JoeScan, there is not a sufficient
24  evidence before the Court to show that LMI was simply forum shopping in Pennsylvania, that Pennsylvania
25  is an inconvenient forum for LMI, or that LMI is only harassing JoeScan's customers in a distant forum.
26  *See* Dkt 9; Dkt 46. Additionally, JoeScan moves this court for the functional equivalent of a "head start"
27  to the courthouse even though it concedes that LMI had threatened infringement litigation against JoeScan
28  years before filing the Pennsylvania Action. Dkt. 46 at 7.

For the reason stated above, the Court should decline to grant JoeScan's motion to enjoin the Pennsylvania Action.

**B. Additional Patent Infringement Lawsuits**

JoeScan moved the Court to enjoin and restrain LMI from filing any additional patent infringement actions against JoeScan's customers with regard to JoeScan's products. Dkt. 9 at 2. However, JoeScan does not cite an authority for the proposition that this Court should prevent LMI from asserting its rights under currently valid and enforceable patents. Dkt. 9; Dkt. 46. Further, as stated in section A and based on the current evidence, the Court should not find that LMI filed the Pennsylvania Action in an attempt to harass JoeScan's customers.

The Court should decline to grant JoeScan's motion to enjoin LMI from filing additional patent infringement lawsuits.

**C. Protective Order**

JoeScan moved the Court to enjoin and restrain LMI from disclosing any facts to third parties regarding this lawsuit or the Pennsylvania Action except as explicitly permitted pursuant to a Protective Order entered by this Court. Dkt. 9 at 2.  However, JoeScan does not cite an authority for the proposition that this Court should prevent LMI discussing facts of public record. Dkt. 9; Dkt 46. The Court should decline to grant JoeScan's motion to enjoin LMI from disclosing any facts to third parties regarding this lawsuit or the Pennsylvania Action.

**D. Compel All Patent Infringement Actions**

JoeScan moved the Court to compel LMI to bring any and all current patent infringement claims it may possess involving JoeScan's products in this case. Dkt. 9 at 2. However, JoeScan cites no authority for the proposition that the Court should require LMI to assert all claims of infringement against JoeScan in this case. Dkt. 9; Dkt 46. Thus, the Court should decline to grant JoeScan's motion compel LMI to bring any and all current patent infringement claims in this case.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion for a Preliminary Injunction (Dkt. 9) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of September, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge